UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| LANCER INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JET EXECUTIVE LIMOUSINE SERVICE, ) | CIVIL ACTION FILE |
| INC.; PHILADELPHIA INDEMNITY ) | |
| INSURANCE COMPANY; UNITED ) | NO._____ |
| STATES LIABILITY INSURANCE ) | |
| COMPANY; COOPER-GLOBAL ) | |
| CHAUFFEURED TRANSPORTATION, ) | |
| INC.; HENNESSY TRANSPORTATION, ) | |
| INC.; STEVEN HOPPENBROUWER; ) | |
| KENT PLOWMAN; STEVEN TAYLOR; ) | |
| RICK TOMCHO; THOMAS MATTHESEN; ) | |
| SAHIL RAINA; ROBIN RAINA; WESLEY ) | |
| HUDSON; STEPHEN FARRAR; ) | |
| GEORGANNA GULLIA; JOSEPH BEST; ) | |
| JESSICA BARNES; JOHN MASON; ) | |
| KENNY STRICKLER; TIM SHEEHY; | |
| SCOTT ARMSTRONG; BRIAN DILL; | |
| ALAN COOLING; AND RAY SHREYAS, | |
| | |
| Defendants. | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW Plaintiff Lancer Insurance Company (hereinafter "Lancer"), by and through the undersigned counsel, and pursuant to 28 U.S.C. §2201(a) and Rule 57 of the Federal Rules of Civil Procedure files this Petition for Declaratory Judgment showing the Court as follows:

**PARTIES AND JURISDICTIONAL ALLEGATIONS**

1.  Lancer is an insurance company incorporated and organized under the laws of the State of Illinois, having its principal place of business in the State of New York.

2. Jet Executive Limousine Service, Inc. (hereinafter "Jet Executive") is a company incorporated and organized under the laws of the State of Georgia, having its principal place of business in the State of Georgia. Jet Executive may be served with process through its registered agent Scott Griner at 2133 Lawrenceville-Suwanee Rd., Suite 12-168, Lawrenceville, GA, 30024.

3. Philadelphia Indemnity Insurance Company (hereinafter "PIIC") is an insurance company incorporated and organized under the laws of the State of Pennsylvania, having its principal place of business in the State of Pennsylvania. PIIC may be served with process through its registered agent Linda Banks c/o CT Corporation System, 289 South Culver St., Lawrenceville, GA 30046.

4. United States Liability Insurance Company (hereinafter "USLIC") is an insurance company incorporated and organized under the laws of the State of Pennsylvania, having its principal place of business in the State of Pennsylvania. USLIC may be served with process through its registered agent Robert Luskin c/o Goodman McGuffey, LLP, at 3340 Peachtree Rd., Suite 2100, Atlanta, GA, 30326.

5. Cooper-Global Chauffeured Transportation, Inc., (hereinafter "Cooper-Global") is a company incorporated and organized under the laws of the State of Georgia, having its principal place of business in the State of Georgia. Cooper-Global may be served with process through its registered agent Paul Cooper at 205 Wilderglen Court, Atlanta, GA, 30328.

6. Hennessy Transportation, Inc., (hereinafter "Hennessy") is a company incorporated and organized under the laws of the State of Georgia, having its principal place of business in the State of Georgia. Hennessy may be served with process through its registered agent K Hennessy at 3080 Northfield Place, Roswell, GA, 30076.

7.     Upon information and belief, Steven F. Hoppenbrouwer is an individual resident citizen of the State of Georgia. Hoppenbrouwer resides and may be served with process at 3150 Victoria Park Dr., Buford, GA, 30519.

8.     Upon information and belief, Kent Plowman is an individual resident citizen of the State of Georgia. Plowman resides and may be served with process at 27 Ball Mill Pl., Atlanta, GA 30350.

9.     Upon information and belief, Steven Taylor is an individual resident citizen of the State of Georgia. Taylor resides and may be served with process at 7415 Laurel Oak Dr., Suwanee, GA 30024.

10.    Upon information and belief, Rick Tomcho is an individual resident citizen of the State of Georgia. Tomcho resides and may be served with process at 3046 Brightwood Ln., Marietta, GA 30067.

11.    Upon information and belief, Thomas Matthesen is an individual resident citizen of the State of Georgia. Matthesen resides and may be served with process at 1730 Eversedge Dr., Alpharetta, GA 30009.

12.    Upon information and belief, Sahil Raina is an individual resident citizen of the State of Georgia. Raina resides and may be served with process at 510 Covington Cove, Alpharetta, GA, 30022.

13.    Upon information and belief, Robin Raina is an individual resident citizen of the State of Georgia. Raina resides and may be served with process at 510 Covington Cove, Alpharetta, GA, 30022.

14. Upon information and belief, Wesley Hudson is an individual resident citizen of the State of Georgia. Hudson resides and may be served with process at 3716 Paige Way, Atlanta, GA, 30319.

15. Upon information and belief, Steven Farrar is an individual resident citizen of the State of Georgia. Farrar resides and may be served with process at 150 Oakhurst Leaf Dr., Alpharetta, GA, 30004.

16. Upon information and belief, Georganna Gullia is an individual resident citizen of the State of Georgia. Gullia resides and may be served with process at 3300 Turtle Lake Dr., Marietta, GA, 30067.

17. Upon information and belief, Joseph Best is an individual resident citizen of the State of Georgia. Best resides and may be served with process at 1457 Peach Battle Ave., Atlanta, GA, 30327.

18. Upon information and belief, Jessica Barnes is an individual resident citizen of the State of Virginia. Barnes resides and may be served with process at 1307 Binders Trail Rd., Midlothian, VA, 30111.

19. Upon information and belief, John Mason is an individual resident citizen of the State of Virginia. Mason resides and may be served with process at 217 Doverland Rd., Henrico, VA, 23299.

20. Upon information and belief, Kenny Strickler is an individual resident citizen of the State of Virginia. Strickler resides and may be served with process at 308 Weston Rd., Henrico, VA, 23229.

21. Upon information and belief, Tim Sheehy is an individual resident citizen of the State of Georgia. Sheehy resides and may be served with process at 2636 Thornbriar Rd., Atlanta, GA, 30340.

22. Upon information and belief, Scott Armstrong is an individual resident citizen of the State of Georgia. Armstrong resides and may be served with process at 1159 Arborhill Dr., Woodstock, GA, 30189.

23. Upon information and belief, Brian Dill is an individual resident citizen of the State of Georgia. Dill resides and may be served with process at 4425 Wieuca Rd., Atlanta, GA, 30342.

24. Upon information and belief, Alan Cooling is an individual resident citizen of the State of Virginia. Cooling resides and may be served with process at 11324 Great Oaks Rd. Estates Way, Glen Allen, VA, 23059.

25. Upon information and belief, Ray Shreyas is an individual resident citizen of the State of California. Shreyas resides and may be served with process at 555 4th St. #549, San Francisco, CA, 94107.

26. This Court has original jurisdiction over this action because the parties are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00. Accordingly, jurisdiction is predicated on diversity of citizenship and the amount in controversy pursuant to 28 U.S.C. § 1332 and on the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

27. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this claim occurred in this District.

## UNDERLYING ACCIDENT

28. Upon information and belief, on or about April 5, 2018, a 2011 Freightliner M2 100 Medium motor coach bearing VIN 1FVACWDU1BDBB5569 (hereinafter the "Motor Coach") was involved in a single-vehicle accident while traveling eastbound on Interstate 20 in Columbia County, Georgia (hereinafter the "Accident"). A copy of the State of Georgia Traffic Crash Report and Georgia Department of Public Safety Incident Report is attached, collectively, as Exhibit "1."

29. Upon information and belief, Defendant Steven Hoppenbrouwer was driving the Motor Coach at the time of the Accident.

30. Upon information and belief, Defendants Kent Plowman, Steven Taylor, Rick Tomcho, Thomas Matthesen, Sahil Raina, Robin Raina, Wesley Hudson, Stephen Farrar, Georganna Gullia, Joseph Best, Jessica Barnes, John Mason, Kenny Strickler, Tim Sheehy, Scott Armstrong, Brian Dill, Alan Cooling, and Ray Shreyas were passengers riding in the Motor Coach at the time of the Accident.

31. Upon information and belief, Defendant Jet Executive owned the Motor Coach.

32. Upon information and belief, at the time of the Accident, Defendant Jet Executive was authorized to operate in intrastate commerce in Georgia by the Georgia Department of Public Safety.

33. Upon information and belief, Jet Executive was insured by Defendant USLIC and Defendant PIIC at the time of the Accident.

34. Upon information and belief, Defendant USLIC issued a commercial general liability insurance policy providing $1,000,000 in liability coverage bearing policy number

CL1779430 to Defendant Jet Executive that was in effect at the time of the Accident.

35. Upon information and belief, Defendant PIIC issued a commercial automobile liability policy providing $1,500,000 in liability coverage bearing policy number PHPK1729106 to Defendant Jet Executive that was in effect at the time of the Accident.

36. Upon information and belief, Defendant Cooper-Global and/or Defendant Hennessy qualify as additional insureds under the USLIC CGL Policy and the PIIC Auto Policy.

## THE LANCER POLICIES

*Lancer Policies Issued to Defendant Cooper-Global*

37. Lancer issued Business Auto Policy No. BA17255#2 to Defendant Cooper-Global (hereinafter "the Cooper-Global Auto Policy"), which was in effect at the time of the Accident. A certified copy of the Cooper-Global Auto Policy (with premium information redacted) is attached to this Complaint as Exhibit "2."

38. The Business Auto Form in the Cooper-Global Auto Policy provides, in pertinent part, as follows:

> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto."

39. The Cooper-Global Auto Policy provides coverage under the Business Auto Form under coverage symbols 7, 8, and 9, which provide as follows:

> Symbol 7 - Specifically Described "Autos"
>
> Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three).

Symbol 8 - Hired "Autos" Only

Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent, or borrow from any of your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households.

Symbol 9 – Non-owned "Autos" Only

Only those "autos" you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes "autos" owned by your "employees", partners (if you are a partnership), members (if you are a limited liability company), or members of their households but only while used in your business or your personal affairs.

40. Lancer issued Commercial Excess Liability Policy No. XS192940#2 to Defendant Cooper-Global (hereinafter "the Cooper-Global Excess Policy"), which was in effect at the time of the Accident. A certified copy of the Cooper-Global Excess Policy is attached to this Complaint as Exhibit "3."

41. The Cooper-Global Excess Policy provides coverage under the Commercial Excess Liability Coverage Form, which provides as follows:

> The insurance provided under this Coverage Part will follow the same provisions, exclusions and limitations that are contained in the applicable "controlling underlying insurance", unless otherwise directed by this insurance. To the extent such provisions differ or conflict, the provisions of this Coverage Part will apply.

42. The "Schedule Of Controlling Underlying Insurance" in the Cooper-Global Excess Policy's "Commercial Excess Liability Declarations" lists only the Cooper-Global Auto Policy (policy no. BA172555#2).

43. The Cooper Global Excess Policy contains an endorsement specifically scheduling autos for excess liability coverage under a "Schedule of Covered Autos for Auto Liability."

44. The Cooper-Global Excess Policy also includes a "Limitation of Automobile Coverage" Endorsement, which provides as follows:

> It is hereby understood and agreed that this policy will not apply to any other vehicle owned, maintained or used by the insured or any newly acquired or replacement vehicles unless prior written notice is given to the company.

45. The Motor Coach is not listed as a scheduled vehicle on either the Cooper-Global Auto Policy or the Cooper-Global Excess Policy.

46. Lancer issued Commercial General Liability Policy No. GL158731#2 to Defendant Cooper-Global (hereinafter "the Cooper-Global CGL Policy"), which was in effect at the time of the Accident. A certified copy of the Cooper-Global CGL Policy is attached to this Complaint as Exhibit "4."

47. The Cooper-Global CGL Policy contains an endorsement adding Defendant Hennessy as a named insured on the Cooper-Global CGL Policy.

48. The Cooper-Global CGL Policy contains the following exclusion:

> **g. Aircraft, Auto Or Watercraft**
>
> "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".
>
> This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

49. The Cooper-Global CGL Policy also includes a "Punitive Damages Exclusion" endorsement, which provides as follows:

> This insurance does not apply to punitive or exemplary damages, whether imposed by direct or vicarious liability, liability of a principal, secondary or respondeat superior liability, indemnity or otherwise.

*Lancer Policies Issued to Defendant Hennessy*

50. Lancer issued Business Auto Policy No. BA173113#1 to Defendant Hennessy (hereinafter "the Hennessy Auto Policy"), which was in effect at the time of the Accident. A certified copy of the Hennessy Auto Policy (with premium information redacted) is attached to this Complaint as Exhibit "5."

51. The Business Auto Form in the Hennessy Auto Policy provides, in pertinent part, as follows:

> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto."

52. The Hennessy Auto Policy provides coverage under the Business Auto Form under coverage symbol 7, which provide as follows:

> Symbol 7 - Specifically Described "Autos"
>
> Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three).

53. The Motor Coach is not listed as a scheduled vehicle on the Hennessy Auto Policy.

54. Lancer issued Commercial Excess Liability Policy No. XS192940#2 to Defendant Hennessy (hereinafter "the Hennessy Excess Policy), which was in effect at the time of the Accident. A certified copy of the Hennessy Excess Policy is attached to this Complaint as Exhibit "6."

55. The Hennessy Excess Policy provides coverage under the Commercial Excess Liability Coverage Form, which provides as follows:

> The insurance provided under this Coverage Part will follow the same provisions, exclusions and limitations that are contained in the applicable "controlling underlying insurance", unless otherwise directed by this insurance. To the extent such provisions differ or conflict, the provisions of this Coverage Part will apply.

56. The "Schedule Of Controlling Underlying Insurance" in the Hennessy Excess Policy's "Commercial Excess Liability Declarations" lists the only the Hennessy Auto Policy.

57. The Hennessy Excess Policy also includes a "Limitation of Automobile Coverage" Endorsement, which provides as follows:

> It is hereby understood and agreed that this policy will not apply to any other vehicle owned, maintained or used by the insured or any newly acquired or replacement vehicles unless prior written notice is given to the company.

58. The Motor Coach is not listed as a scheduled vehicle on the Hennessy Excess Policy.

### FIRST REQUEST FOR RELIEF – NO COVERAGE

59. Lancer hereby incorporates by reference paragraph 1 through 58 of this Complaint as if set forth fully herein.

60. An actual controversy has arisen between Lancer and Defendants.

61. Based on the foregoing facts and policy language, Lancer contends that the insurance policies Lancer issued to Cooper-Global and Hennessy do not provide coverage for the Accident.

62. In particular, Lancer contends that the Motor Coach does not qualify as a covered auto under the Cooper-Global Auto Policy, the Cooper-Global Excess Policy, the Hennessy Auto Policy, or the Hennessy Excess Policy.

63. Further, Lancer contends that the Cooper-Global CGL Policy does not provide coverage for the Accident because of the Cooper-Global CGL Policy's "Aircraft, Auto Or Watercraft" Exclusion set forth above.

64. Lancer believes that there may be other coverage defenses which may be revealed during discovery in this action and, accordingly, incorporates all terms, conditions, exclusions and other provisions in the Cooper-Global Auto Policy, the Cooper-Global Excess Policy, the Cooper-Global CGL Policy, the Hennessy Auto Policy, and the Hennessy Excess Policy as defenses to any claims of coverage by Defendants.

65. Thus, there presently exists a justiciable controversy between the parties as to the rights and obligations of Lancer and Defendants. Under 28 U.S.C. § 2201(a), the Court may and should declare the rights of the parties with respect to this controversy.

**SECOND REQUEST FOR RELIEF – EXCESS COVERAGE**

66. Lancer hereby incorporates by reference paragraph 1 through 65 of this Complaint as if set forth fully herein.

67. An actual controversy has arisen between Lancer and Defendants.

68. Based on the foregoing facts and policy language, Lancer contends that, to the extent the Court determines that some or all of the insurance policies that Lancer issued to Defendant Cooper-Global and Defendant Hennessy provide coverage for the Accident, any such coverage is excess to the coverage provided by the commercial automobile liability policy that Philadelphia

Indemnity Insurance Company issued to Defendant Jet Executive (policy no. PHPK1729106).

69.     Thus, there presently exists a justiciable controversy between the parties as to the rights and obligations of Lancer and Defendants. Under 28 U.S.C. § 2201(a), the Court may and should declare the rights of the parties with respect to this controversy.

## **CLAIM FOR RELIEF**

WHEREFORE, Plaintiff Lancer respectfully requests that this Court assume jurisdiction over this cause and enter a declaratory judgment against Defendants as follows:

- a. That Lancer has no obligation to provide coverage for the Accident under the Cooper-Global Auto Policy;

- b. That Lancer has no obligation to provide coverage for the Accident under the Cooper-Global Excess Policy;

- c. That Lancer has no obligation to provide coverage for the Accident under the Cooper-Global CGL Policy;

- d. That Lancer has no obligation to provide coverage for the Accident under the Hennessy Auto Policy;

- e. That Lancer has no obligation to provide coverage for the Accident under the Hennessy Excess Policy;

- f. That this Court grant such further and different relief as may be appropriate to accomplish justice and equity among the parties.

Respectfully submitted this 27th day of August, 2018.

        **MCMICKLE, KUREY & BRANCH, LLP**

        */s/Scott W. McMickle*
        SCOTT W. MCMICKLE
        GA Bar No.:  497779
        McMickle, Kurey & Branch, LLP
        200 South Main Street
        Alpharetta, GA  30009
        Telephone:  (678) 824-7800
        Fax:     (678) 824-7801
        Email:  swm@mkblawfirm.com

        ***Attorney for Plaintiff***