# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

| | | |
|---|---|---|
| LANCER INSURANCE COMPANY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | CIVIL ACTION FILE NO. |
| JET EXECUTIVE LIMOUSINE SERVICE, | * | |
| INC.; PHILADELPHIA INDEMNITY | * | 1:18-cv-00136-JRH-BKE |
| INSURANCE COMPANY; UNITED | * | |
| STATES LIABILITY INSURANCE | * | |
| COMPANY; COOPER-GLOBAL | * | |
| CHAUFFEURED TRANSPORTATION, | * | |
| INC.; HENNESSY TRANSPORTATION, | * | |
| INC.; STEVEN HOPPENBROUWER; | * | |
| KENT PLOWMAN; STEVEN TAYLOR; | * | |
| RICK TOMCHO; THOMAS MATTHESEN;* | | |
| SAHIL RAINA; ROBIN RAINA; | * | |
| WESLEY HUDSON; STEPHEN FARRAR; | * | |
| GEORGANNA GULLIA; JOSEPH BEST; | * | |
| JESSICA BARNES; JOHN MASON; | * | |
| KENNY STRICKLER; TIM SHEEHY; | * | |
| SCOTT ARMSTRONG; BRIAN DILL; | * | |
| ALAN COOLING; AND RAY SHREYAS, | * | |
| | * | |
| Defendants. | * | |

## DEFENDANTS ROBIN RAINA'S AND SAHIL RAINA'S ANSWER AND AFFIRMATIVE DEFENSES

Defendants Robin Raina and Sahil Raina jointly through their undersigned counsel submit their Answer and Affirmative Defenses as follows:

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Venue is improper in this District under the doctrine of *forum non conveniens* as argued in the joint consent motion to transfer venue to the Northern District of Georgia already filed by co-defendants in this case and adopted by these Defendants.

### THIRD AFFIRMATIVE DEFENSE

Defendants are presently without sufficient knowledge and information from which to form a belief as to whether they may have additional unstated affirmative defenses. Defendants therefore reserve the right to assert additional affirmative defenses in the event discovery reveals facts, arguments, or legal theories which render such defenses appropriate.

### FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiff did not timely deny coverage on expressly stated bases in a denial letter issued to Defendants, if any, Plaintiff waived its bases for denying coverage under *Hoover v. Maxum Indemnity Company*, 291 Ga. 402; 730 S.E.2d 413 (2012) and Georgia law.

## FIFTH AFFIRMATIVE DEFENSE

The relief Plaintiff seeks is barred by the affirmative defense of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

The relief Plaintiff seeks is barred by the affirmative defense of laches.

## SEVENTH AFFIRMATIVE DEFENSE

The relief Plaintiff seeks is barred by the affirmative defense of waiver.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint for declaratory judgment is barred by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint for declaratory judgment is barred by failure of conditions precedent.

## TENTH AFFIRMATIVE DEFENSE

One or more of Plaintiff's policies at issue in this action provides coverage for these Defendants independent of Plaintiff's duties and obligations to its other named insureds.

## ELEVENTH AFFIRMATIVE DEFENSE

The policies of insurance which are the subject of Plaintiff's Complaint provide insurance coverage for the allegations made in *Robin Raina v. Jet Executive*

*Limousine Service, Inc., Hennessy Transportation, Inc., Cooper-Global*

*Chauffeured Transportation, Inc., Steven F. Hoppenbrouwer, Cherry Bekaert,*

*LLP, Cherry Bekaert Wealth Management, LLC, Philadelphia Indemnity Insurance*

*Company, and Lancer Insurance Company*, State Court of Dekalb County, Civil

Action File No.: 18A71468.

## TWELFTH AFFIRMATIVE DEFENSE

Upon information and belief, Defendants Hennessy Transportation, Inc. and

Cooper-Global Chauffeured Transportation, Inc. maintain that they are insured and

that the policies which are the subject of Plaintiff's Complaint provide insurance

coverage for the incident at issue.

## THIRTEENTH AFFIRMATIVE DEFENSE

The insureds complied with all notice provisions of the subject policies.

## FOURTEENTH AFFIRMATIVE DEFENSE

The relief Plaintiff seeks from this Court is contrary to Georgia public policy.

## **ANSWER**

Subject to the foregoing affirmative defenses, Defendants answer Plaintiff's

Complaint as follows:

## PARTIES AND JURISDICTIONAL ALLEGATIONS

1.

    Admitted.

2.

    Admitted.

3.

    Admitted.

4.

    Admitted.

5.

    Admitted.

6.

    Admitted.

7.

    Defendants admit that Steven F. Hoppenbrouwer is an individual resident citizen of the state of Georgia. Defendants are without sufficient knowledge or information to form a belief about the remaining allegations in this paragraph of Plaintiff's Complaint.

8.

Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph of Plaintiff's Complaint, and they therefore stand denied.

9.

Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph of Plaintiff's Complaint, and they therefore stand denied.

10.

Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph of Plaintiff's Complaint, and they therefore stand denied.

11.

Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph of Plaintiff's Complaint, and they therefore stand denied.

12.

Defendant Sahil Raina admits he is an individual resident citizen of the state of Georgia but denies the remaining allegations of this paragraph of Plaintiff's Complaint.

13.

Defendant Robin Raina admits he is an individual resident citizen of the state of Georgia but denies the remaining allegations of this paragraph of Plaintiff's Complaint.

14.

Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph of Plaintiff's Complaint, and they therefore stand denied.

15.

Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph of Plaintiff's Complaint, and they therefore stand denied.

16.

Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph of Plaintiff's Complaint, and they therefore stand denied.

17.

Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph of Plaintiff's Complaint, and they therefore stand denied.

18.

Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph of Plaintiff's Complaint, and they therefore stand denied.

19.

Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph of Plaintiff's Complaint, and they therefore stand denied.

20.

Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph of Plaintiff's Complaint, and they therefore stand denied.

21.

Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph of Plaintiff's Complaint, and they therefore stand denied.

22.

Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph of Plaintiff's Complaint, and they therefore stand denied.

23.

Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph of Plaintiff's Complaint, and they therefore stand denied.

24.

Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph of Plaintiff's Complaint, and they therefore stand denied.

25.

Defendants are without sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph of Plaintiff's Complaint, and they therefore stand denied.

26.

Admitted.

27.

Defendants admit that one of the negligent acts giving rise to the underlying claim triggering Plaintiff's duties at issue occurred in this District, but Defendants deny the remaining allegations in this paragraph of Plaintiff's Complaint.

## UNDERLYING ACCIDENT

28.

Admitted.

29.

Admitted.

30.

Admitted.

31.

Admitted.

32.

Defendants are without sufficient knowledge or information to form a belief

about the truth of the allegations in this paragraph of Plaintiff's Complaint, and they

therefore stand denied.

33.

Admitted.

34.

Admitted.

35.

Admitted.

36.

Admitted.

## THE LANCER POLICIES

*Lancer Policies Issued to Defendant Cooper-Global*

37.

Admit.

38.

Denied as stated. The complete policy speaks for itself.

39.

The policy speaks for itself, but Defendants admit it contains this language along with other pertinent terms and conditions. Defendants deny these are the only policy provisions and endorsements pertinent to Plaintiff's duty to provide coverage.

40.

Admitted.

41.

Denied as stated. The complete policy speaks for itself.

42.

Denied as stated. The complete policy speaks for itself.

43.

Denied as stated. The complete policy speaks for itself.

44.

Denied as stated. The complete policy speaks for itself.

45.

    Denied as stated. The complete policy speaks for itself.

46.

    Admitted.

47.

    Admitted.

48.

    Denied as stated. The complete policy speaks for itself.

49.

    Denied as stated. The complete policy speaks for itself.

Lancer Policies Issued to Defendant Hennessy

50.

    Admitted.

51.

    Denied as stated. The complete policy speaks for itself.

52.

    Denied as stated. The complete policy speaks for itself.

53.

    Denied as stated. The complete policy speaks for itself.

54.

Admitted.

55.

Denied as stated. The complete policy speaks for itself.

56.

Denied as stated. The complete policy speaks for itself.

57.

Denied as stated. The complete policy speaks for itself.

58.

Denied as stated. The complete policy speaks for itself.

## **FIRST REQUEST FOR RELIEF – NO COVERAGE**

59.

Defendants incorporate by reference paragraphs 1-58 of their Answer and their Affirmative Defenses as if fully set forth herein.

60.

Denied.

61.

Denied.

62.

Denied.

63.

Denied.

64.

Denied. Defendants reserve the right to assert all known defenses to any such new or amended coverage defenses later asserted by Plaintiff.

65.

Denied.

## **SECOND REQUEST FOR RELIEF – EXCESS COVERAGE**

66.

Defendants incorporate by reference paragraphs 1-65 of their Answer and their Affirmative Defenses as if fully set forth herein.

67.

Denied.

68.

Denied.

69.

Denied.

## **CLAIM FOR RELIEF**

Defendants Robin Raina and Sahil Raina deny that Plaintiff is entitled to any of the relief prayed for in its Complaint including subparagraphs (a) through (f) of its Claim for Relief or to any other relief from this Court. Any allegations contained in Plaintiff's Complaint not specifically admitted herein are hereby denied.

WHEREFORE, having fully responded to Plaintiff's Complaint Defendants Robin Raina and Sahil Raina pray that Plaintiff's Complaint be dismissed or that alternatively judgment be entered in the Defendants' favor on all counts and claims in Plaintiff's Complaint, that Defendants have a trial by jury on all issues before this Court to the full extent provided by law, that the costs of this action be taxed against the Plaintiff, and that Defendants have such other and further relief as this Court deems just and proper.

[SIGNATURES ON NEXT PAGE]

Respectfully submitted this 18th day of January, 2019.

SPAULDING LAW, LLC

*/s/ Jeremy Hayes*
Jeremy Hayes
Georgia Bar No. 521130
Attorney for Defendants Robin Raina and Sahil Raina
*Admitted Pro Hac Vice*

327 Dahlonega Street
Suite 1004
Cumming, Georgia 30040
Telephone: 470-695-9950
jhayes@spauldingfirm.com

James F. Cook, Jr.
Georgia Bar No. 184250
Drew, Eckl & Farnham
303 Peachtree Street NE
Suite 3500
Atlanta, Georgia 30308
Telephone: 404-885-6150
cookj@deflaw.com
*Designated Local Counsel*

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served all counsel and parties of record

listed below with a copy of **Defendants Robin Raina's and Sahil Raina's Answer**

**and Affirmative Defenses** by filing same with this Court's CM/ECF electronic

filing system of which they are registered users.

Scott W. McMickle
Jonathan J. Kandel
MCMICKLE, KUREY & BRANCH, LLP
217 Roswell Street, Ste 200
Alpharetta, GA 30009
swm@mkblawfirm.com
Counsel for Plaintiff Lancer Insurance Company

Kim M. Jackson
BOVIS, KYLE, BURCH & MEDLIN, LLC
200 Ashford Center North Ste 500
Atlanta, GA 30338
kjackson@boviskyle.com
Counsel for Defendant Philadelphia Indemnity
Insurance Company

Jenniffer R. Burbine
MCGUIRE WOODS, LLP
Promenade II
1230 Peachtree St. NE Suite 2100
Atlanta, GA 30309
jburbine@mcguirewoods.com
Counsel for Defendant Kent Plowman

J. Brian Jackson
MCGUIRE WOODS, LLP
310 Fourth Street, NE, Suite 300
Charlottesville, VA 22902
bjackson@mcguirewoods.com
Counsel for Defendant Kent Plowman

Jay Patton
Stephanie Capezzuto
TAYLOR ENGLISH DUMA, LLP
1600 Parkwood Circle Suite200
Atlanta, GA 30339
jpatton@taylorenglish.com
scapezzuto@taylorenglish.com
Counsel for Defendant Cooper-Global

Peter A. Law
LAW & MORAN
563 Spring Street, NW
Atlanta, GA 30308
pete@lawmoran.com
Counsel for Defendant Joseph Best

Brandon Smith
SHIVER HAMILTON, LLC
3340 Peachtree Road
Suite 950
Atlanta, GA 30326
Brandon@shiverhamilton.com
Counsel for Defendant Jessica Barnes

Michael K. Beard
MARSH, RICKARD, BRYAN, PC
800 Shades Creek Parkway Suite 600-D
Birmingham, AL 35209
mbeard@mrblaw.com
Counsel for Defendant Kenneth Strickler

Jeffrey Mykkeltvedt
MYKKELTVEDT & LOFTIN, LLC
5229 Roswell Road NE
Atlanta, GA 30342
jeff@ml-llc.com
Counsel for Defendant Brian Dill
Joe A. King, Jr.
Joseph D. Aiello
MORRIS, KING & HODGE, PC
200 Pratt Avenue, NE
Huntsville, AL 35801
jking@mkhlawyers.com
jaiello@mkhlawyers.com
Counsel for Defendant Brian Dill


Stephen G. Lowry
HARRIS LOWRY MANTON, LLP
410 East Broughton Street
Savannah, GA 31401
steve@hlmlawfirm.com
Counsel for Defendant Alan Cooling
Counsel for Defendant Scott Armstrong


Terry D. Jackson
TERRY D. JACKSON, P.C.
600 Edgewood Avenue
Atlanta, GA 30312
terry@terryjacksonlaw.com
Counsel for Defendant Alan Cooling
Counsel for Defendant Scott Armstrong


Titus Nichols
BELL &BRIGHAM
457 Greene Street
Augusta, GA 30901
titus@bellbrigham.com
Counsel for Defendant Georganna Gullia

Barry Goodman
GOODMAN & GOODMAN, LLP
6445 Powers Ferry Road, NW
Suite265
Atlanta, GA 30309
bg@goodmanlawatl.com
Counsel for Defendant Georganna Gullia

This 18th day of January, 2019.

**SPAULDING LAW, LLC**


*/s/ Jeremy Hayes*
Jeremy Hayes
Georgia Bar No. 521130
Attorney for Defendants Robin Raina
and Sahil Raina
*Admitted Pro Hac Vice*

327 Dahlonega Street
Suite 1004
Cumming, Georgia 30040
Telephone: 470-695-9950
jhayes@spauldingfirm.com


James F. Cook, Jr.
Georgia Bar No. 184250
Drew, Eckl & Farnham
303 Peachtree Street NE
Suite 3500
Atlanta, Georgia 30308
Telephone: 404-885-6150
cookj@deflaw.com
*Designated Local Counsel*