# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| LANCER INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JET EXECUTIVE LIMOUSINE ) | CIVIL ACTION FILE |
| SERVICE, INC.; PHILADELPHIA ) | |
| INDEMNITY INSURANCE ) | NO. 1:19-cv-03024-TWT |
| COMPANY; COOPER-GLOBAL ) | |
| CHAUFFEURED ) | |
| TRANSPORTATION, INC.; ) | |
| HENNESSY TRANSPORTATION, ) | |
| INC.; STEVEN HOPPENBROUWER; ) | |
| KENT PLOWMAN; STEVEN ) | |
| TAYLOR; RICK TOMCHO; ) | |
| THOMAS MATTHESEN; SAHIL ) | |
| RAINA; ROBIN RAINA; WESLEY ) | |
| HUDSON; STEPHEN FARRAR; ) | |
| GEORGANNA GULLIA; JOSEPH ) | |
| BEST; JESSICA BARNES; JOHN | |
| MASON; KENNY STRICKLER; TIM | |
| SHEEHY; SCOTT ARMSTRONG; | |
| BRIAN DILL; ALAN COOLING; | |
| AND RAY SHREYAS, | |
| | |
| Defendants. | |

## PLAINTIFF'S INITIAL DISCLOSURES

COMES NOW, Plaintiff Lancer Insurance Company ("Lancer") and, pursuant to Fed.R.Civ.P. 26(a)(1) and this Court's Local Rules, makes the following initial disclosures:

(1)   State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.

**RESPONSE:** Plaintiff Lancer Insurance Company ("Lancer") filed this declaratory judgment action to determine the extent, if any, of its obligations to Defendants Cooper Global Chauffeured Transportation, Inc. ("Cooper Global") and Hennessy Transportation, Inc. ("Hennessy") under liability policies that Lancer issued to Cooper Global and Hennessy, in connection with a single-vehicle auto accident that occurred on April 5, 2018. Lancer seeks a declaration of its obligations, if any, to the Defendants under the policies it issued to Cooper Global and Hennessy.

On April 5, 2018, a 2011 Freightliner motor coach was involved in a single-vehicle accident in Columbia County, Georgia ("the Accident"). The motor coach was transporting passengers from Atlanta, Georgia, to Augusta, Georgia, at the time of the Accident. The motor coach was being operated by Steven Hoppenbrouwer in the course and scope of his employment with Jet Executive Limousine Service, Inc. ("Jet"). After Lancer filed this declaratory judgment action, the vast majority of the

passengers filed lawsuits alleging that Cooper Global and Hennessy (among others) are liable for the Accident.

Lancer issued commercial auto liability, excess auto liability, and commercial general liability policies to Cooper Global that were in effect at the time of the Accident. Lancer issued commercial auto liability and excess auto liability policies to Hennessy that were in effect at the time of the Accident. Lancer does not believe that these policies provide coverage for the Accident.

(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.

**RESPONSE:** Lancer intends to rely on general provisions of contract and insurance laws of the State of Georgia, as well as any applicable federal law, to address its obligations, if any, under the insurance policies at issue in this case.

(3) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

**RESPONSE:** See Attachment A. Lancer reserves the right to supplement this response.

(4) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)

**RESPONSE:** Lancer has not identified any such experts to be used at trial. Lancer reserves the right to supplement this response.

(5)  Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

**RESPONSE:** See Attachment C. Lancer reserves the right to supplement this response.

(6)  In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**RESPONSE:** This matter is a declaratory judgment action. Lancer seeks only declaratory relief.

(7)  Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

**RESPONSE:** Not applicable.

(8) Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiff's cause of action and state the basis and extent of such interest.

**RESPONSE:** Not applicable.

*s/ Chandler L. Smith*
Scott W. McMickle
GA Bar No. 497779
Chandler L. Smith
GA Bar No. 930368
McMickle, Kurey & Branch, LLP
217 Roswell Street, Suite 200
Alpharetta, GA  30009
Telephone:  (678) 824-7800
Fax:  (678) 824-7801
Email:  swm@mkblawfirm.com
          csmith@mkblawfirm.com
*Counsel for Plaintiff Lancer Insurance Company*

# ATTACHMENT A

## Witness List

1. Representatives of Defendant Jet Executive Limousine Service, Inc. (c/o record counsel), Defendant Hennessy Transportation, Inc., and Defendant Cooper Global Chauffeured Transportation, Inc. (c/o record counsel) may have knowledge of relevant facts regarding the subject vehicle; the subject transportation; the relationship between the three entities; insurance coverage; and other issues related to the subject loss and Lancer's claims for declaratory judgment.

2. Defendant Stephen Hoppenbrouwer (c/o record counsel) and the passengers on the subject vehicle (c/o record counsel where applicable) may have knowledge of relevant facts regarding the subject vehicle, the subject transportation; insurance coverage; and other issues related to the subject loss and Lancer's claims for declaratory judgment.

3. Representatives of Defendant Philadelphia Indemnity Insurance Company (c/o record counsel) may have knowledge of relevant facts regarding insurance coverage and other issues related to the subject loss and Lancer's claims for declaratory judgment.

4. Other individuals named by the Defendants in this action.

5. Other individuals identified through discovery or otherwise during the course of this action.

Lancer reserves the right to supplement this response as permitted by the Federal Rules of Civil Procedure and Local Rules.

## ATTACHMENT C

## Document List

1. Lancer policy no. BA172555#2 issued to Defendant Cooper-Global (ECF No. 1-2).

2. Lancer policy no. XS192940#2 issued to Defendant Cooper-Global (ECF No. 1-3).

3. Lancer policy no. GL158731#2 issued to Defendant Cooper-Global (ECF No. 1-4).

4. Lancer policy no. BA173113#1 issued to Defendant Hennessy (ECF No. 1-5).

5. Lancer policy no. XS192871#1 issued to Defendant Hennessy (ECF No. 1-6).

6. The State of Georgia Traffic Crash Report (ECF No. 1-1).

7. All documents and tangible things identified by Defendants.

8. All documents and tangible things obtained through discovery.

Lancer reserves the right to supplement this response as permitted by the Federal Rules of Civil Procedure and Local Rules.